UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORRIS J. WARREN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ERIC WILSON, WARDEN, ) <br> ) <br> Respondent. ) <br> ) | Case: 1:17-cv-00047 (G Deck) <br> Assigned To : Unassigned <br> Assign. Date : 1/10/2017 <br> Description: Habeas Corpus/2241 |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The petitioner is serving a term of 10 years to life imprisonment imposed by the Superior Court of the District of Columbia. According to the petitioner, he is actually innocent of the offenses for which he was convicted, and he asks that his convictions and sentences be vacated.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

The petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. He has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *Vaughn v. Maiorana*, No. 1:16-CV-00181, 2016 WL 1389985, at *4 (M.D. Pa. Apr. 7, 2016) (dismissing habeas petition filed under 28 U.S.C. § 2241 "since § 23-110 is not an inadequate or ineffective remedy to challenge the sentence imposed by the District of Columbia Superior Court").

The Court will grant the petitioner's application to proceed *in forma pauperis* and will deny the petition. An Order accompanies this Memorandum Opinion.

DATE: Jan. 9, 2017

/s/ 
United States District Judge